**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MAR ALAN PRIEST | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-61 |
| SERGIO J. PEREZ, JR., *et al.*, | § | |

MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS AND ACCEPTING REPORT AND RECOMMENDATION

Plaintiff, Mark Alan Priest, an inmate confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Sergio J. Perez, Jr., Taliesin R. Stern, Christina M. Norris, Terra N. Maxie, and Brandy L. Mosley.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing plaintiff's official capacity claims against all the defendants and individual claims against defendants Perez, Mosley and Norris (docket entry no. 4).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed an amended complaint on April 28, 2020 (docket entry no. 9). To the extent plaintiff intended to assert Objections to the Report and Recommendation, this requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The Magistrate Judge recommended plaintiff's claims against defendant Perez be dismissed as plaintiff failed to plead his personal involvement. In his Amended Complaint, plaintiff pleads sufficient facts to allege the personal involvement of defendant Perez. Plaintiff alleges defendant Perez knew the officer's report was fraudulent and upgraded the report to a major disciplinary case

against plaintiff in retaliation for plaintiff asserting he would file a grievance against the reporting officer. Plaintiff's claims against defendant Perez should proceed.

As to defendant Mosley, plaintiff continues to assert she violated plaintiff's constitutional rights as counsel substitute when she failed to include plaintiff's statement on the report, failed to call him as a witness and failed to request his attendance at the disciplinary hearing. As outlined by the Magistrate Judge, however, plaintiff cannot maintain a § 1983 action against defendant Mosley based on her action as counsel substitute. A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under § 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149 (1970) (two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitute and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claim against defendant Mosley lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Finally, plaintiff states in his amended complaint he wishes to voluntarily dismiss his claims against defendant Norris. Plaintiff has an absolute right to dismiss his claims pursuant to Federal Rule of Civil Procedure 41(a).

ORDER

Accordingly, plaintiff's claims against defendant Perez will proceed. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **PARTIALLY ACCEPTED** to the extent it recommends dismissal of plaintiff's official capacity

claims and claims against defendant Norris and Mosley in their individual capacity. A Partial Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

So ORDERED and SIGNED, Oct 30, 2020.

                                                  Ron Clark
                                                  Senior Judge